UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Michael S. Kimm, Esq. (MK4476)
Adam Garcia, Esq.
KIMM LAW FIRM
333 Sylvan Avenue, Suite 106
Englewood Cliffs, New Jersey 07632
T: 201-569-2880
*Attorneys for Plaintiffs*

| | |
|---|---|
| KUN OK YI, for himself and for all others similarly situated,<br><br>　　　　Plaintiffs,<br>　vs.<br><br>NUTLEY FARM CORP., GAP YOUNG BANG a/k/a PETER BANG, JENNY BANG, DANIEL PAK, and JOHN DOES 1–10 and ABC COMPANIES 1–10,<br><br>　　　　Defendants. | 16-CV-_____<br><br><br><br>**Complaint for Collective and Class Action for Wage and Hour Violations, With Jury Demand** |

Named Plaintiff Kun Ok Yi, on behalf of himself and all others similarly situated, for this collective-action and class-action complaint against the above-named defendants, states upon knowledge except where stated upon information and belief:

**THE PARTIES**

1. At all relevant times, Named Plaintiff Kun Ouk Yi was and is an individual

who is a domiciliary and resident of New York and resides in Flushing, New York.

2. At all relevant times defendant Nutley Farm Corp. was and is a business entity believed to be organized under New Jersey law and maintains an address at 360-364 Centre Street, Nutley, New Jersey. At all relevant times, this defendant was and still is engaged in the business of operating a retail farm store with food and groceries to the general public.

3. At all relevant times, defendant Gap Young Bang is a male individual who is believed to reside at 160 Garfield Street, Haworth, New Jersey and is a legal, equitable or beneficial owner, officer, director, shareholder or otherwise-responsible person who was a primary moving force behind plaintiff's losses.

4. At all relevant times, defendant Jenny Bang is the wife of defendant Gap Young Bang and is believed to reside at 160 Garfield Street, Haworth, New Jersey and is a legal, equitable or beneficial owner, officer, director, shareholder or otherwise-responsible person, and a co-conspirator of Gap Young Bang, who was a primary moving force behind plaintiff's losses.

5. At all relevant times, defendant Daniel Pak is the son-in-law of defendants Gap Young Bang and Jenny Bang and is believed to reside at an address which is currently unknown to Named Plaintiff; this defendant is a legal, equitable or beneficial owner, officer, director, shareholder or otherwise-responsible person, and

a co-conspirator of the other defendants, and who was a primary moving force behind plaintiff's losses.

6. Defendants John Does 1 through 10 and defendants ABC Companies 1 through 10 are individuals and entities that are believed to be involved as direct and co-conspirators who organized, established, operated, and sought to obtain financial benefit from the business activities of the Nutley Farm Corporation and therefore directly or effectively harmed Named Plaintiff but whose exact identities are presently unknown to Named Plaintiff and who may be joined later in the action.

## JURISDICTION AND VENUE

### Federal Question Based Subject-Matter Jurisdiction

7. The Court has jurisdiction over this action as it arises under federal law under 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216(b), as it implicates the Fair Labor Standards Act. State claims are appropriate under the supplemental jurisdiction statute 28 U.S.C. § 1367.

### Diversity Based Subject-Matter Jurisdiction

8. The Court has simultaneous, diversity jurisdiction over the state law claim under 28 U.S.C. § 1332(a) as the parties are from different states and the amount in controversy exceeds the sum of $75,000.00 exclusive of costs and interest.

**Venue**

9. Venue is proper under 28 U.S.C. § 1391(1), (2) because substantial events or omissions occurred in this district and defendants transact business in this district.

**BACKGROUND AND GENERAL ALLEGATIONS**

10. In 2015, Named Plaintiff was 69 years of age, who had been retired for several years, and desired to return to an active work life. After inquiring about employment opportunities, through a common acquaintance, Named Plaintiff came to learn of an employment opportunity at a "farm market" being established in Nutley, New Jersey, which was soliciting recruiting prospective employees from the New York City metro area.

11. In approximately December 2014, defendant Gap Young Bang, on behalf of himself and the other defendants, told Named Plaintiff that if he would raise the sum of $140,000.00, he would be hired as an associate, be permitted to work on site, receive a weekly salary of $1,000.00, and would retain a minimum 25% ownership interest in the company.

12. One or more meetings where such inducement discussions were initiated by defendant Gap Young Bang were held in New York City. One or more payments of money by Named Plaintiff to defendant Gap Young Bang, on behalf of all defendants, was made in New York City. Named Plaintiff paid $140,000.00 for the

ability to return to work; the money consisted of Named Plaintiff's life savings and the life savings of Plaintiff's two daughters and one son.

13. In October 2015, Named Plaintiff was "hired" as a day-to-day store clerk to work with stocking, general cleaning, and other such chores at the farm market. During the course of working from October 2015 through August 2016, Named Plaintiff was forced to work approximately 90 hours a week, usually 6 or 7 days a week, under oppressive conditions. During this time, the individual defendants worked very little or not at all.

14. After completing the first week of work, defendants paid Named Plaintiff a cash salary of $1,000.00 for the first and only time. No further "salary" or wage was paid by defendants to Named Plaintiff at any time thereafter.

15. Named Plaintiff is one of many similar individuals charged with identical or substantially identical work duties, who were employed through defendants.

16. Named Plaintiff worked more than 8 hours a day, worked overtime every day, and was not paid proper overtime wages. Patently, Named Plaintiff was denied lawful wage and hour benefits including overtime, spread of hours, and any other applicable benefit.

17. For the alleged "earnings and benefits" of 2015, Defendants have failed to provide Named Plaintiff with accurate W2 wage statements at the end of the year.

Defendants have failed to provide accurate weekly pay records and computations. Defendants have failed to provide Named Plaintiff with the employer contribution for social security and other benefits to which he was entitled.

18. Defendants have not provided a proper weekly breakdown of the hours worked, wages earned, overtime or spread of hours earned. Defendants have failed to retain records of hours worked by Named Plaintiff and all other employees who are similarly situated with Named Plaintiff. Defendants failed to keep Named Plaintiff's and other employees' work hours from the moment they began activities that benefitted the employer until they were no longer so engaged. The aggregate of such times was routinely more than 13 hours a day, at least six days a week, all holidays, no vacation; no personal day, no sick day.

19. Upon information and belief, defendants are engaged in activities in or affecting interstate commerce, and each is generating yearly revenues well in excess of the $500,000 requirement under the applicable statute.

20. Due to defendants' violations, Named Plaintiff and all persons who are similarly situated has sustained financial losses.

## COLLECTIVE ACTION ALLEGATIONS

21. Defendants applied essentially the same pay calculus for all other employees as in Named Plaintiff's case. Named Plaintiff's colleagues have similarly

been suffered to work, with denied wages or overtime and other benefits under the labor laws.

22. Named Plaintiff and others who are similarly situated as Named Plaintiff are not executive, professional or otherwise exempt from the wage and hour laws. In essence, Named Plaintiff and others who are similarly situated as Named Plaintiff, are general clerks and low-level workers whose time is controlled by their employers as wage earners; whose duties are required to be followed by employees according to the employers' dictates and policies; and Named Plaintiff was required to attend weekly meetings in which policy and practice was reviewed and enforced by the employers.

23. Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all collective action plaintiffs who are similarly situated.

24. Specifically, Named Plaintiff seeks to represent a class of all persons who worked or work for defendants as "weekly salaried employee" and who were/are subject to defendants' unlawful compensation practices and policies at any point from six years prior to the filing of this action the present (members of this putative class are referred to as "Collective Action Plaintiffs").

25. Named Plaintiff's claims are typical of the claims of Collective Action

Plaintiffs because the Named Plaintiff, like all Collective Action Plaintiffs, was an employee of defendants who were not paid proper wages as required by the FLSA and the NYLL in the last six years.

26. Named Plaintiff will fairly and adequately protect the interests of Collective Action Plaintiffs, because Named Plaintiff's interests are consistent with, and not antagonistic, to those of the Collective Action Plaintiffs. Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage and hour and other labor and employment disputes.

27. No difficulties are likely to be encountered in the management of this collective action that would preclude its maintenance as a collective action. The class will be easily identifiable from defendants' business records, along with their contact information.

28. Similarly-situated employees are known to defendants, are readily identifiable by defendants, and can be located through defendants' business records. Named Plaintiff does not know the exact size of the potential class, as such information is in the exclusive control of defendants; however, on information and belief, the number of potential class members is estimated to be 40 or more.

29. Questions of law and fact that are common to the members of the collective group predominate over questions that affect only individual members of

the group. Among the questions of law and fact that are common to the collective group is whether defendants failed to pay the putative collective group the required wages for all hours worked, plus over time, and any other compensation due, including liquidated damages.

30. Collective Action Plaintiffs include those who were not paid proper hourly wages, overtime, and lunch hour. Despite the promise of a one-hour lunch break, in reality, Named Plaintiff and others who are similarly situated were expected to work, and in fact worked, during the lunch hour because that was deemed the "busiest period" of the work day. All Collective Action Plaintiffs were required to work far more hours than 40 a week and to effectively surrender their lunch hour due to required peak-time productivity. In all, the Collective Action Plaintiffs routinely worked work days of 13 hours or more, at least six days a week.

30. For the foregoing reasons, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated as to the following collective issues:

    A.    Defendants' failure to pay proper wages and overtime wages;

    B.    Defendants' failure to pay lunch hour wages;

    C.    Defendants' failure to pay spread of hours;

    D.    Defendants' failure to pay the employer contribution to social

security and other benefits;

   E. Defendants' failure to keep and provide to each employee proper wage and hour records.

## CLASS ACTION ALLEGATIONS

 31. The foregoing paragraphs are adopted by reference and incorporated.

 32. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiff brings this action on behalf of himself and those similarly situated with him ("Class Plaintiffs"). Specifically, Named Plaintiff seeks to represent a class of all persons who worked or work for defendants in the past four years and who were not paid lawful compensation for their hours.

 33. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of defendants; however, on information and belief, the number of potential class members is estimated to be sufficiently high that individual joinder is not practicable.

 34. Named Plaintiff's claims are typical of the claims of the putative class members, because each Plaintiff, like all Class Plaintiffs, was an employee of defendants and has been damaged as a result of defendants' violation of the FLSA while defendants-employers have been unjustly enriched through wage theft or

knowing miscomputation or other artifice.

35. Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes and is fully able to pursue this action.

36. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from defendants' business records. Upon information and belief, defendants maintain business records in the form of "Job Assignments" which are maintained on a daily, weekly, monthly and yearly bases, which show the employees' names, work location, the routes serviced, the revenues associated with each employee's performance and so forth, and other relevant business information, within defendants' computer systems and in their books and records.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with

respect to individual members of the class that would establish incompatible standards of conduct for defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against defendants.

38. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are:

    A. Defendants' failure to pay proper wages and overtime wages;

    B. Defendants' failure to pay lunch hour wages;

    C. Defendants' failure to pay spread of hours;

    D. Defendants' failure to pay the employer contribution to social security and other benefits;

    E. Defendants' failure to keep and provide to each employee proper wage and hour records.

39. Defendants and each of them have been unjustly enriched at Class Plaintiff's expense because of their policy of underpaying the employees by paying a purported lump sum "weekly salary" regardless of the total "hours worked" and the "regular rate of pay"; under-counting the hours worked; and deliberately failing to keep wage and hour records; failing to provide weekly review/accounting of wages

earned; and failing to pay employer contributions of social security tax and other benefits. Therefore, Named Plaintiff should be permitted to bring claims as a class action on behalf of himself along with the class mentioned above.

## CLAIMS FOR RELIEF

### Count One – FLSA Wage and Hour Violations

40. The foregoing paragraphs are incorporated by reference.

41. By reason of the foregoing, defendants, as employer and supervisor, owner, manager, or other person of responsibility of Named Plaintiff and Collective Action Plaintiffs, committed one or more violations of the federal wage and hour laws by deliberately underpaying Plaintiff and others who are similarly situated including:

    A.    Defendants' failure to pay proper wages and overtime wages;

    B.    Defendants' failure to pay lunch hour wages;

    C.    Defendants' failure to pay spread of hours;

    D.    Defendants' failure to pay the employer contribution to social security and other benefits;

    E.    Defendants' failure to keep and provide to each employee proper wage and hour records.

### Count Two – New Jersey Wage and Hour Violations

42. The foregoing paragraphs are incorporated by reference.

43. By reason of the foregoing, defendants have violated the New Jersey labor law and in particular the wage and hour provisions by failing to pay proper wages, and proper overtime, and by failing to provide proper documentation and accounting of employees' wages and hours.

44. Due to defendants' violations, Named Plaintiff and others who are similarly situated have sustained losses while defendants-employers have unjustly benefitted from the unfair wage payment practices.

### Count Three – Failure to Make Employer Contribution to Social Security and Other Benefits

45. The foregoing paragraphs are incorporated by reference.

46. Defendants failed to make employer contributions to each employee's social security benefit and other benefits to which each employee was entitled at the relevant times.

### Count Four – Failure to Keep and Provide Proper Records

47. The foregoing paragraphs are incorporated by reference.

48. Defendants failed to keep proper record of each employee's work hours and lunch hours and other intervals of the work day which was spent on behalf of the employer(s).

## CLAIMS LIMITED TO THE NAMED PLAINTIFF

### Count Five – Theft of Employee's Funds

49. The foregoing paragraphs are incorporated by reference.

50. These allegations are limited to Named Plaintiff. Defendants obtained Named Plaintiff's life savings and the life savings of Named Plaintiff's children by trickery and theft, knowing that they would not honor any "shareholder" right of plaintiff. No shares were ever issued to Named Plaintiff; defendants never updated the records of the Nutley Farm to reflect that the 200 no-par-value stocks issued when the entity was formed had ever been transferred to Named Plaintiff directly or through a nominee. Defendants thereby committed theft of an employee's funds.

### Count Six – Conversion

51. The foregoing paragraphs are incorporated by reference.

52. These allegations are limited to Named Plaintiff. Defendants committed conversion of Named Plaintiff's funds; Named Plaintiff's "stock shares" and Named Plaintiff's rights.

### Count Seven – Fraud in the Inducement

53. The foregoing paragraphs are incorporated by reference.

54. These allegations are limited to the Named Plaintiff. Defendants, through defendant Gap Young Bang, represented at the time of the inducement that plaintiff

would be provided a job, paid at $1,000.00 per week, if he invested $140,000.00. At the time of such inducement and at related junctures, all related inducements and representations were false.

55. Defendants, led by defendant Gap Young Bang, intended to use such false representations to deceive Named Plaintiff to think that he will become a shareholder/employee of the business. Instead, defendants used Named Plaintiff's money to enhance the business; conspired and actually concocted a business organization which they have always secretly held in the sole name of "Jenny Bang" as owner and nominee/owner, shareholder, and partner of all other defendants. By this arrangement, they always knew, and intended to, disavow plaintiff as having any "share" in the business entity at all, and, in order to effectuate their "end game," defendants have never caused to be issued any "certificate of stock" evidencing any "shareholder" interest assigned, transferred, issued, or otherwise provided to plaintiff.

56. At all relevant times, Named Plaintiff reasonably and justifiably relied upon all the representations. Named Plaintiff has been damaged; Named Plaintiff has forfeited $140,000.00 and has been effectively terminated from the meager "clerk's job" that he was hired to work on false representations, and the $1,000 per week wage stopped after the first and only payment of its kind.

### Count Eight – Breach of Agreement

57. The foregoing paragraphs are incorporated by reference.

58. These allegations are limited to the Named Plaintiff. By reason of those facts, and by reason of the failure to pay plaintiff the weekly wage that was agreed upon, defendants and each of them committed one or more breaches of contract.

### Count Nine – Unjust Enrichment & Disgorgement

59. The foregoing paragraphs are incorporated by reference.

60. These allegations are limited to the Named Plaintiff. By reason of those facts, defendants have been unjustly enriched by the sum of $140,000.00 plus all the wages to which plaintiff is entitled, and defendants should be required to disgorge such sums.

WHEREFORE, Named Plaintiff demands for himself and all others who are similarly situated, on whose behalf this action is also brought, money judgment against the defendants, as follows:

    A.   Conditionally certifying the case as a collective action, and as a class action;

    B.   Permanently certifying the case as a collective action and class action;

    C.   Granting compensatory damages for unpaid wages and benefits, punitive damages, liquidated damages, and other compensatory and remedial remuneration;

D. Granting declaratory judgment that Plaintiff and all other Plaintiffs were employees of defendants, if disputed by defendants;

E. Granting pre-judgment and post-judgment interest;

F. Granting damages and punitive damages;

G. Granting legal fees; other professional fees; costs; and

H. Any other relief the Court deems just and proper under the circumstances.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Civil Rules, Plaintiff respectfully requests a trial by jury.

Dated: October 20, 2016  /s/ Michael S. Kimm

Michael S. Kimm
Adam Garcia
KIMM LAW FIRM
333 Sylvan Avenue, Suite 106
Englewood Cliffs, New Jersey 07632
T: 201-569-2880
*Attorneys for Plaintiffs*